UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CONSTANCE J. NEUBECKER,

              **Plaintiff,**

        **-v-**                                       **18-CV-189V(Sr)**

NEW YORK STATE, STATE UNIVERSITY
OF NEW YORK, ERIE COMMUNITY
COLLEGE,

              **Defendant.**

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #5.

Plaintiff alleges that she was discharged from her employment at Erie Community College pursuant to a termination letter which advised that because her Commercial Driver's License ("CDL"), was suspended, and a CDL was an essential requirement of her job, her employment was terminated. Dkt. #1, ¶ 14. Plaintiff alleges that three male Erie County employees have suspended CDLs but have not been discharged. Dkt. #1, ¶¶ 15 & 22. Plaintiff further alleges that she has "not had to drive a vehicle requiring a CDL at Erie Community College for approximately twelve years." Dkt. #1, ¶ 16. Plaintiff claims unlawful discrimination based on sex in violation of 42 U.S.C. § 2000e *et seq*. Dkt. #1.

Defendant moves to dismiss the complaint for failure to plausibly allege that she is qualified for her position. Dkt. #4-3, p.5. In support of the motion, defendant submits a copy of the Notice of Termination, dated December 30, 2016, which states:

> It has come to Erie Community College's ("ECC") attention that effective December 26, 2016 your regular Class D driver's license is suspended through March 27, 2017, and your New York State Commercial Driver's Licence (hereafter "CDL") has been revoked for one (1) year, through December 27, 2017. This is reflected on the attached License Event Notification Service ("LENS") Notification Report (Exhibit C).
>
> A valid CDL is a requirement for the Truck Driver position you hold at ECC. Therefore, you do not meet the required qualifications for the position of Truck Driver. The Truck Driver job description is attached to this letter as Exhibit D.
>
> As a result, Human Resources has determined it is in the best interest of the College to terminate your employment effective immediately, December 30, 2016, for failure to meet the required qualifications of the Truck Driver position.

Dkt. #4-2, p.2. The job description for the position of Truck Driver at Erie Community College sets forth "[p]ossession of a New York State Commercial Driver's License (CDL) appropriate for Class of vehicle operated" as a special requirement for the position. Dkt. #4-2, pp.11-12. Defendant also argues that plaintiff failed to allege any facts to plausibly suggest that the Erie County employees were similarly situated to plaintiff with respect to their job titles. Dkt. #4-3, pp.7-8.

Plaintiff responds that her complaint is sufficient. Dkt. #7, p.3. Specifically, she argues that her complaint alleges that "three male truck drivers working for the same employer who themselves had suspended CDL . . . were not terminated from their jobs." Dkt. #7, p.4.

Defendant replies that plaintiff did not allege that the three male employees with suspended CDLs were employed in positions which required a CDL. Dkt. #8, p.2.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *See also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A plaintiff is not required to plead specific facts establishing a *prima facie* case of disparate treatment as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). However, a plaintiff must plausibly allege "that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). As the Court of Appeals reiterated in *Vega v. Hempstead Union Free School Dist*rict, plaintiff "need only plausibly allege facts that provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." 801 F.3d 72, 86-87 (2d Cir. 2015), *quoting Littlejohn*, 795 F.3d at 311.

One way of raising an inference of discrimination is by showing that an employer treated plaintiff less favorably than a similarly situated employee outside her protected group. *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp.3d 599, 611 (E.D.N.Y. 2017). To establish such an inference, "a plaintiff must allege that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Id., quoting Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014). An employee is similarly situated to co-employees if they were subject to the same performance evaluation and discipline standards and engaged in comparable conduct. *Id.* While detailed pleadings regarding similarly situated comparators are not necessary at the motion to dismiss stage, "a court still must determine whether, based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated." *Offor v. Mercy Med. Ctr.*, 167 F.

-5-

Supp.3d 414, 431 (E.D.N.Y. 2016) (collecting cases), *aff'd in relevant part*, 676 Fed. App'x 51 (2d Cir. 2017).

In the instant case, plaintiff's allegation that three men working for Erie County retained their jobs following the suspension of their CDLs is too far removed from plaintiff's position as a truck driver at Erie Community College to provide any plausible inference of disparate treatment from plaintiff's termination from a job title which specifically required a CDL. Where, as here, there is no suggestion that plaintiff and the comparators had similar job descriptions or responsibilities or were subject to the same performance evaluation or disciplinary standards, dismissal is appropriate. *See Johnson v. Andy Frain Servs., Inc.*, 638 Fed. App'x 68, 70 (2d Cir. 2018). .

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:     Buffalo, New York
           August 10, 2018

                                               **s/ H. Kenneth Schroeder, Jr.**
                                               **H. KENNETH SCHROEDER, JR.**
                                               **United States Magistrate Judge**