UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CONSTANCE J. NEUBECKER,

    Plaintiff,

    v.

NEW YORK STATE, STATE
UNIVERSITY OF NEW YORK, ERIE
COMMUNITY COLLEGE,

    Defendants.

18-CV-189
ORDER

---

On February 2, 2018, the plaintiff, Constance Neubecker, commenced this action under 42 U.S.C. § 2000-e. Docket Item 1. Neubecker claims that she was fired from her job at Erie Community College because of her gender. Docket Item 1. She alleges that her termination letter stated that her discharge was due to the suspension of her commercial driver's license. *Id.* According to Neubecker, however, she was treated differently from similarly situated men, and she has "personal knowledge that Erie County has three male employees who currently have suspended CDLs [Commercial Driver's Licenses], and they are not being discharged." *Id.*

On March 16, 2018, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 5. On March 15, 2018, the defendants moved to dismiss, Docket Item 4; on April 27, 2018, the plaintiff responded, Docket Item 7; and on May 17, 2018, the defendants replied, Docket Item 8. On August 10, 2018, Judge Schroeder issued a

Report and Recommendation ("R&R") finding that the defendants' motion should be granted.  Docket Item 9.

## THE R&R AND THE PLAINTIFF'S OBJECTION

A plaintiff can raise an inference of discrimination by showing that she was treated less favorably than a similarly situated employee outside her protected group. *See, e.g.*, *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1041 (2d Cir 1993).  To adequately plead disparate treatment, a plaintiff "must allege that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself."  *Brown v. Daikin America Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (internal quotations omitted).  Here, Judge Schroeder found that the complaint failed to plausibly allege that Neubecker was similarly situated to the three male Erie County employees with suspended commercial licenses—for example, by pleading that their positions had similar job descriptions or responsibilities that required a valid commercial license.  For that reason, Judge Schroeder concluded that Neubecker failed to plausibly plead a disparate-treatment claim of discrimination.

On August 24, 2018, the plaintiff objected to the R&R, arguing that Judge Schroeder erroneously addressed the factual requirements necessary to survive a motion for summary judgment—not pleading requirements on a motion to dismiss. Docket Item 10.  Specifically, Neubecker argues that the case upon which Judge Schroeder relied, *Johnson v. Andy Frain Servs., Inc.*, 638 Fed. App'x 68 (2d Cir. 2018), relied on a case deciding a motion for summary judgment, *Mandell v. Cty. of Suffolk*, 316 F.3d 368 (2d Cir. 2003).  The defendants did not object or respond to the plaintiff's objection, and the time to do so now has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection, and the pleadings and materials submitted by the parties. Based on that de novo review, the Court accepts and adopts, in part, Judge Schroeder's recommendation to grant the defendants' motion to dismiss. The Court will dismiss the complaint without prejudice, however, and grant the plaintiff 30 days to file an amended complaint consistent with the R&R and this order.

## **DISCUSSION**

Discrimination claims governed by *McDonnell Douglas* burden-shifting analysis are not subject to the heightened pleading standard requiring the plaintiff to plead specific facts sufficient to show the elements of a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Nevertheless, the complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a Title VII claim without direct evidence of discrimination, a plaintiff must allege facts sufficient to plausibly show (1) that she is a member of a protected class; (2) that she was qualified for her position; (3) that she suffered an adverse employment action; and (4) "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City*

3

of New York*, 795 F.3d 297, 311 (2d Cir. 2015). The employer's disparate treatment of the plaintiff can meet the fourth element. *See, e.g.*, *Cosgrove*, 9 F.3d at 1041.

A viable claim of disparate treatment, in turn, must include factual allegations sufficient to plausibly show that the plaintiff was similarly situated to the employees to whom she compares herself. In *Littlejohn*, the Second Circuit noted that a plaintiff does not plead a viable claim of discrimination by comparing herself to "other employees who worked for different agencies and who had different jobs." *Littlejohn*, 795 F.3d at 312. Although it vacated the district court decision for other reasons, the Second Circuit found that "the district court correctly concluded that adverse actions taken against employees who are not similarly situated cannot establish an inference of discrimination." *Littlejohn*, 795 F.3d at 312 (citing *Mandell*, 316 F.3d at 379).

Neubecker's argument that Judge Schroeder erroneously applied a standard more appropriate for summary judgment is inapposite. She pleaded only that males who work for Erie County had suspended commercial licenses but continued to work; she did not plead that they also worked for Erie Community College, or that they performed the same job function as her, or even that they had positions that required an unexpired commercial license as an essential element of their jobs. Docket Item 1. For that reason, the complaint simply does not suffice to allege that she was "similarly situated" to her comparators, as she must have been to establish an inference of discrimination.[1] And that is a *pleading* requirement, not what is needed to defeat a

---

[1] "[T]here appears to be a developing question in the Circuit regarding the degree of factual detail a plaintiff must include in a complaint regarding similarly situated comparators: must a plaintiff allege specific facts showing that the comparators are similarly situated in all material respects or are less detailed notice pleadings regarding relevant comparators sufficient to give rise to an inference of discrimination?" *Nguedi v.*

4

motion for summary judgement.  *See, e.g.*, *Littlejohn*, 795 F.3d at 312; *Kpaka v. City Univ. of N.Y.*, 2017 WL 3866642, at *1 (2d Cir. Sep. 5, 2017) (summary order) (affirming dismissal because the complaint did not sufficiently allege that the plaintiff was "similarly situated to the [comparator] employee in question"); *Marcus v. Leviton Mfg. Co., Inc.*, 661 Fed. Appx. 29, 32 (2d Cir. 2016) (summary order) ("Without any information as to whether [the comparator] employees were otherwise similarly situated or the specifics of their conduct, the mere allegation that two other employees—one younger and one similar in age—used profanity without being fired does not give rise to even a minimal inference of age discrimination."); *Johnson v. Andy Frain Servs., Inc.*, 638 Fed. Appx. 68, 70 (2d Cir. 2016) (summary order) (noting that the plaintiff's "third amended complaint did not allege that she and her co-worker had similar job descriptions or responsibilities").

Nevertheless, the Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)." *Porat v. Lincoln Towers Cmty. Assoc.*, 464 F.3d 274 (2d Cir. 2006).  Therefore, and because Neubecker may well be able to state a plausible claim by providing more detail, she may amend the complaint within 30 days of the date of this order.

For the reasons stated above and in the R&R, the defendants' motion to dismiss, Docket Item 4, is GRANTED, in part; and the complaint, Docket Item 1, is dismissed without prejudice. The plaintiff may file an amended complaint within 30 days of the date of, and consistent with, this order and the R&R.  If the plaintiff files an amended

---

*Fed. Reserve Bank of New York*, 2017 WL 5991757, at *7 (S.D.N.Y. Dec. 1, 2017). Regardless of the answer to that developing question, Neubecker's allegations fall short of the required notice pleading regarding relevant comparators.

complaint, the case will be referred back to Judge Schroeder, without further order of this Court, for further proceedings consistent with the referral order of March 16, 2018. If the plaintiff does not file an amended complaint within 30 days of this order, the Clerk of the Court shall close the file.

    SO ORDERED.

Dated:    February 27, 2019
            Buffalo, New York

                                        *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE